1  MELINDA HAAG (CABN 132612)
   United States Attorney

2  J. DOUGLAS WILSON (DCBN 412811)
   Chief, Criminal Division
3

4  THOMAS MOORE (ALBN 4305-O78T)
   Assistant United States Attorney
   Chief, Tax Divsion
5       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
6       Telephone: (415) 436-7017
        FAX: (415) 436-7009
7

   Attorneys for United States of America
8

**FILED**

JUL 1 7 2014

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FRANCISCO R. LEGASPI, <br><br> Defendant. | No. CR 92-0394 WHO <br><br> STIPULATION TO CONSOLIDATE FOR SENTENCING AND [proposed] ORDER THEREON |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FRANCISCO R. LEGASPI, <br><br> Defendant. | No. CR 93-0096 WHO |

It is hereby stipulated by Plaintiff, the United States of America, and Defendant, Francisco R. Legaspi, through his respective counsel, that the above described cases be consolidated for sentencing for the reason that one sentencing of both matters is likely to conserve judicial resources and promote an efficient determination of these matters, as described below.

On August 19, 1992, Defendant was indicted on three counts of Aiding and Assisting in the Preparation and Presentation of False Tax Returns. See United States v. Francisco R. Legaspi, No. CR-

Stipulation To Consolidate For Sentencing
No. CR 92-0394, No. CR 93-0096            1

92-0394. On November 5, 1992, pursuant to a plea agreement, Defendant pled guilty to one count of preparing a false tax return under 26 U.S.C. § 7206(2). Rather than appear in court on January 28, 1993 for sentencing however, Defendant fled from the United States to Mexico and later to Canada to avoid prison for his crime. As a result, on February 24, 1993, Defendant was indicted for failing to appear to his January 28, 1993 sentencing hearing. See United States v. Francisco R. Legaspi, No. CR-93-0096.

The United States Sentencing Guidelines ("U.S.S.G.") instruct that a conviction for failure to appear and a conviction on the underlying offense must be grouped together for sentencing purposes. U.S.S.G § 2J1.6, comment. (n. 3). The offense level for that group of closely-related counts will be the offense level for the underlying offense increased by the two level adjustment ..., or the offense level for the obstruction offense, whichever is greater. U.S.S.G. § 3C1.1, comment. (n. 6). These "grouping" rules apply even in cases, like this one, where the defendant might be sentenced at different times for the two separate crimes. Where the sentences are not imposed at the same time, the goal is to arrive at an appropriate incremental punishment for the latter offense "that most nearly approximates the sentence that would have been imposed had all the sentences been imposed at the same time." See U.S.S.G. § 5G1.3(c), comment. (n. 3). United States v. Jernigan, 60 F.3d 562, 564 (9th Cir. 1995).

Reiterating the 9th Circuit's view in Jernigan, the 10th Circuit in United States v. Gigley asserted that "when a defendant is convicted of both the failure to appear and the underlying offense, the failure to appear offense is [combined with the underlying offense and] treated as an obstruction of the underlying offense under U.S.S.G. § 3C1.1." United States v. Gigley, 213 F.3d 503, 505 (10th Cir. 2000). The offense level for the underlying offense is then increased by the two-level adjustment for obstruction of justice. United States v. Jernigan, 60 F.3d at 564. Once the combined offense level is determined, "the district court should then find the sentencing range for the combined offense level and select a total punishment within that range. The sentences for Defendant's [underlying] offense and failure to appear offense are to run consecutively and add up to the total punishment. United States v. Gigley, 213 F.3d at 507.

Thus, for example, "where the combined applicable guideline range for both counts [the underlying offense and the failure to appear offense] is 30-37 months and the court determines a 'total punishment' of 36 months is appropriate, a sentence of thirty months for the underlying offense plus a

consecutive six months for the failure to appear count would satisfy these requirements." *Id*. at 507.

Here, the Defendant pleaded guilty to the underlying offense on November 5, 1992, and it is anticipated that he will also plead guilty to the Failure to Appear Indictment in the near future. Accordingly, this case should be consolidated for sentencing to facilitate a sentence consistent with the holdings in the Jernigan and Gigley cases cited above. To achieve that end the parties intend to recommend that the consolidated sentence be calculated pursuant to U.S.S.G. § 2J1.6 as follows:

a) Underlying Offense Level (26. U.S.C. § 7206(2)), pursuant to prior plea agreement without reduction under U.S.S.G. §3E1.1 for acceptance of responsibility;   13

b) Adjustments, U.S.S.G. §3C1.1:   +2

c) Combined Offense Level, U.S.S.G. §2J1.6 comment (n.3), §3D1.2(c), §3D1.3(a)   15

Thus, assuming a the Defendant's Criminal History is Category I, the parties will recommend a "total punishment" of 21 months imprisonment (15 months for the underlying offense to be followed by 6 months for the failure to appear offense), which is midrange sentence at level 15 on the U.S.S.G. Chapter 5 Part A – Sentencing Table.

## CONCLUSION

It is in the best interests of the Court and the parties that the above captioned cases be consolidated for sentencing to conserve judicial resources and promote an efficient determination of these matters.

Respectfully submitted,

MELINDA HAAG
United States Attorney

_____  
Lupe Martinez   7-16-2014  
Attorney for Defendant  
Francisco R. Legaspi

_____  
Thomas Moore  
Assistant United States Attorney  
Chief, Tax Division

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

Dated: 7-17-2014

_____  
UNITED STATES DISTRICT JUDGE